JAMES W. CUNNINGHAM

v.

SEABOARD REALTY COMPANY.

[Decided July 5th, 1904.]

As between the mortgagee of real estate and the vendee in a bill of sale of "the personal property" in the premises, gas logs, gas chandeliers and window screens, put in by the owner of the premises, necessary for the comfortable use and enjoyment of the buildings on the premises as summer residences, for which they were intended, and all attached to the premises, are part of the real estate.

On application for injunction, heard on petition, affidavits and answering affidavits.

*Mr. Thomas P. McKenna,* for the petitioner.

*Mr. Benjamin P. Morris* and *Mr. Frank P. McDermott,* for the defendants.

EMERY, V. C.

This is a question relating to fixtures, arising between complainant, a mortgagee of real estate, and defendants as the vendees of personal property. The real estate mortgaged is "Norwood Park," a large tract of land near the seashore, upon which are a number of buildings for summer residences, the whole property being originally laid out by the owner, Mr. Norman L. Munro, for the purposes of first-class summer residences.

The fixtures in question are the gas logs, gas chandeliers and gas fixtures and the window screens connected with the windows. All of these appliances for the use of gas were originally put in by Mr. Munro as owner, and were necessary for the comfortable use and enjoyment of the residences during the season

for which they were designed to be rented. They are all attached to the buildings, some of them were specially designed therefor, and although they may undoubtedly be removed without injury to the buildings, and replaced by others, they are, in fact, annexed to the buildings. They are especially adapted to the use of the realty and I think their original annexation by the owner must, under the circumstances of the case, and the character of the property, be considered as made with the intention that they should be permanent accessions to the freehold. Under our decisions, they therefore became fixtures, so far as the owner was concerned, and as against persons subsequently claiming under him in the character of mortgagees. *Erdman* v. *Moore & Co., 58 N. J. Law (29 Vr.) 445 (1896)*; *Hays* v. *Doane, 11 N. J. Eq. (3 Stock.) 84, 96 (1885)*; *Keeler* v. *Keeler, 31 N. J. Eq. (4 Stew.) 181, 191 (1879)*. Being thus originally fixtures which would pass to the grantee of the original owner as real estate, the question is, whether they have ever been separated by the subsequent owner or owners so as to become personal property. The subsequent owner was Mr. McKenna, and it is claimed by a bill of sale, executed by him on the same date with the complainant's mortgage, this separation was effected. But the bill of sale has no such operation. It conveys in general terms "the personal property" in the premises, but the fixtures in question are not referred to or described as being part of the personal property, and these fixtures remain therefore as realty. As to so many of the window screens as were in the premises at the time of the mortgage, or have been placed therein by the grantees of the real estate, the same principles must control, and these are covered by the mortgage.

In reaching these conclusions, I rely very much on the special character and uses of the residences, and the special adaptability and necessity of the fixtures in question for the permanent, comfortable and convenient use of the premises, and even if the decisions above referred to should not be considered as establishing a general rule that gas fixtures used in a house are *prima facie* fixtures, the special circumstances of the case indi-

cating the owner's intention that they should permanently belong to the houses are decisive of the case. So far, therefore, as these gas fixtures or the window screens have been affixed by the owner or owners of the premises, I have not been able to consider that they were affixed for merely temporary use and not as permanent fixtures, intended by the person who put them there to be part of the houses. If any of the screens have been put in, not by the owner of the real estate, but by the owners of the personal property, this conclusion will not reach to these, and, if necessary, further evidence or a reference may be taken on this point.